UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CRIMINAL NO. V:06-cr-60-01 |
| JORGE LUIS GARZA, | § § § | |
| Defendant. | § | |

## MEMORANDUM & ORDER

Pending before the Court is Defendant Jorge Luis Garza's ("Garza") Application to Proceed without Payment of Fees, which he filed in connection with his notice of appeal. (Dkt. No. 127.)

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Moreover, notwithstanding any filing fee that the petitioner may have paid, the district court may dismiss a case if it determines that the appeal is frivolous or malicious. *Id.* § 1915(e). In *United States v. Boutwell*, the Fifth Circuit considered the question: "[I]n what cases does the district court have the authority to dismiss an appeal brought by a criminal defendant who wishes to proceed as a pauper on the ground that the appeal is frivolous?" 896 F.2d 884, 889 (5th Cir. 1990). The court then responded, "[T]he answer is, simply, in all cases." *Id.*

Garza's appeal is frivolous. First, his notice of appeal was filed over two years too late. In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after entry of the judgment. FED. R. APP. P. 4(b)(1)(A). Here, judgment

was entered on November 9, 2006 (Dkt. No. 104), yet Garza failed to file his notice of appeal until February 16, 2009(Dkt. No. 124). Furthermore, Garza waived his right to appeal in the Memorandum of Plea Agreement:

> The Defendant waives his right to appeal both the conviction and the sentence imposed. Defendant is aware that Title 18 U.S.C. §3782 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal <u>only</u> (a) a sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines which had not been requested by the United States, as set forth in 18 U.S.C. §3742(b).

(Dkt. No. 80 at 4 ¶ 3.) To the extent Garza "wishes to appeal the illegal sentence imposed inviolation [sic] of the law and as a result of the incorrect application of the guidelines" (Dkt. No. 124), the Court notes that not only was Garza's sentence within the guidelines and the United States' recommendation, he was given the *minimum sentence allowed by law*. (Dkt. No. 105.)

## Conclusion

Because Garza's appeal is frivolous, his motion to proceed in forma pauperis cannot in good faith be granted by this Court. Garza's Application to proceed without payment of fees (Dkt. No. 127) is therefore **DENIED,** and his appeal is **DISMISSED**.

It is so **ORDERED** this 26th day of March, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE